# ANDREW HALVORSON AND ANOTHER v. CARL BEXELL AND ANOTHER.[1]

November 9, 1923.

No. 23,577.

**Statutory notice of cancelation of sale contract ineffective when registration tax is unpaid.**

1. The vendors in an executory contract for the sale of land, under which the vendees went into possession, may not terminate the contract or divest them of their interest therein and right of possession, by serving a notice of cancelation, on account of default in payments, without first paying the registration tax on the contract.

**Exclusion of vendees from possession on strength of invalid notice is unlawful.**

2. Where the notice served was invalid because the tax was not paid and the vendors entered and took possession of the premises, relying upon such invalid notice, and thereafter retained possession to the exclusion of the vendees, such possession and exclusion are unlawful and amount to a repudiation of the land contract.

**Rulings on evidence and charge to jury.**

3. The record examined and no reversible error found either in the charge to the jury or in the rulings upon the admissibility of evidence.

Action in the district court for Clearwater county to recover $2,562.50. The case was tried before McClenahan, J., who at the close of the testimony denied defendants' motion for a directed verdict and a jury which returned a verdict for the amount demanded. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*E. E. McDonald* and *E. T. Evenson,* for appellants.

*John L. Brown,* for respondents.

[1]Reported in 195 N. W. 635.

QUINN, J.

Action to recover $2,562.50 paid by the plaintiffs to the defendants upon a contract for the purchase of a farm in Clearwater county. At the trial there was a verdict in favor of the plaintiffs. The appeal is from an order denying defendants' motion for a new trial.

On July 20, 1920, plaintiffs entered into a contract with the defendants for the purchase of a farm of 147.5 acres at the agreed price of $11,062.50. $1,062.50 was paid at the time of the execution of the contract, an additional payment of $2,000 was to be made November 1, 1920, and the balance in annual instalments of $1,000 each with interest. Plaintiffs were to have possession November 1, 1920, and a deed of conveyance when one-half of the purchase price be paid. At the time of the making of the agreement defendants represented to the plaintiffs that the wells on the farm had a good and sufficient supply of water to supply all the stock they would care to keep thereon. Plaintiffs paid $1,500 on the November instalment and went into possession. Thereafter they discovered that the wells did not furnish water as represented and so notified the defendants. The defendants then demanded payment of the $500 which plaintiffs refused unless the well matter was adjusted. The defendants thereafter, from time to time, demanded payment and the plaintiffs as many times refused until they should, in some way, settle the water supply matter.

On August 17, 1921, the defendants caused notice of cancelation of the contract to be served upon the plaintiffs all in due form, because of the $500 not having been paid. At the time of the service of such notice, the registration tax on the contract had not been paid as required by section 2301, G. S. 1913. Within 30 days from the time of the service of the notice, defendants' attorney appeared on the farm and demanded to know of the plaintiff Wold when he would move off of the premises as they had been rented by defendants and they wanted possession. Wold replied that he thought he could move off in a couple of days, which he did. The defendants immediately went into possession and have ever since remained in possession thereof.

The complaint is not a model pleading, being somewhat verbose and difficult to understand. However, when the case was called for trial, defendants moved the court for an order requiring plaintiffs to elect upon what cause of action alleged in the complaint they intended to rely. Plaintiffs replied that they would limit their cause of action to defendants' repudiation of the contract. The trial then proceeded upon that theory to verdict, no objection being made as to the sufficiency of the pleading.

The trial court very properly submitted the issues upon which the cause was tried, to the jury. The jury was instructed that it should determine, from the evidence in the case, whether or not the defendants repudiated the land contract involved and that, if they did, that would end the case and there should be a verdict in favor of the plaintiffs, unless the jury further found that plaintiffs consented to the defendants taking possession of the land, in which case the verdict should be for the defendants.

Plaintiffs, as vendees, were in lawful possession of the premises under the contract which provides in part that, in case of the failure of the vendees to make payments of the purchase money as therein provided, then the whole amount owing thereon shall become due and payable and the contract may, at the option of the vendors, be terminated by giving to the vendees 30 days' notice in writing of his intention so to do. This the defendants failed to do. The notice served was invalid and of no effect because the tax on the contract had not been paid. Engel v. Mahlen, 153 Minn. 1, 189 N. W. 422, and cases therein cited. The defendants entered and took possession of the premises, relying upon this notice, and thereafter retained such possession to the exclusion of plaintiffs. That the plaintiffs did not consent to such entry was resolved against the defendants' contention, by the verdict. They had no legal right to give such notice at the time. Their entry was unlawful and in direct violation of the terms of the contract, and amounted to a repudiation of the same.

Even though the plaintiffs did move off the farm, that fact would not entitle the defendants to take possession of the premises, unless plaintiffs consented to their so doing. This they denied and the

jury sustained them in that contention by their verdict. The mere fact that the plaintiffs failed to pay the November instalment in full, did not work a forfeiture of the contract. To accomplish that, the service of a valid notice was necessary—a thing which, so far as the record shows, has never been done. We find no reversible error in the charge nor in the rulings on the admissibility of evidence.

Affirmed.