KNUDT C. HERREID AND ANOTHER v. ALBERTA DEAVER AND ANOTHER.[1]

March 8, 1935.

No. 30,175.

Thomas Tallakson and Ralph M. McCareins, for appellants.

C. A. Youngquist, for respondents.

[1] Reported in 259 N. W. 189.

JULIUS J. OLSON, JUSTICE.

When plaintiffs rested, defendants, with the consent of the court, also rested for the purpose of making a motion for directed verdict. The court after hearing the motion and arguments of counsel granted same. Plaintiffs moved for a new trial, which was denied, and this appeal followed.

In October, 1927, defendants entered into a contract with plaintiffs for sale by the former and purchase by the latter of certain premises in Minneapolis. According to the terms thereof plaintiffs were to pay all taxes and assessments levied subsequent to the year 1926 and also to keep the buildings on the premises insured. The purchase money was to be paid in certain stipulated monthly sums. Plaintiffs failed to pay the 1931 taxes falling due in 1932 and also failed to pay a fire insurance premium. On December 29, 1932, notice of cancellation of contract was served upon plaintiffs. There was complete failure of compliance with the claimed defaults. In November, 1932, prior to the service of notice of cancellation, plaintiffs went to Wisconsin. Mr. Tallakson, one of their present attorneys, was given authority to take charge of the premises and to look after plaintiffs' interest therein. He found a tenant, one William Johnson, from whom he collected rent for the month of January, 1933. On January 29 defendants informed the tenant that the contract with plaintiffs had been canceled and directed that all rents thereafter falling due should be paid to them. Mr. Tallakson protested in respect hereof, and several conferences were had but nothing came of it. Both parties claimed the right to collect rents. Defendants on February 1 proceeded to have the matter judicially determined by bringing action for unlawful detainer. Plaintiffs and their tenant, William Johnson, were joined as parties defendant. Service of the unlawful detainer summons and complaint was made upon the tenant in person on February 1, 1933, and by substituted service upon the present plaintiffs at the same time, service being in conformity with provisions of 2 Mason Minn. St. 1927, § 9152. The tenant promptly notified Mr. Tallakson of the bringing of the unlawful detainer action, and he examined the files in the municipal court and was present when the action was heard

and determined but took no part. The court found the facts to be as stated in the complaint, namely, the execution of the contract for deed, that default on the part of the purchasers to pay taxes and effect insurance had occurred, that the contract had been canceled by appropriate notice duly served on December 29, 1932, failure to comply with the requirements of the notice and the terms of the contract, and ordered that defendants (plaintiffs in that action) should have immediate possession and restitution of the premises. Judgment accordingly was entered on February 7, 1933. That judgment remains unreversed, no appeal having been taken therefrom or other effort made by anyone to call into question the conclusiveness thereof.

Plaintiffs brought this action in the district court to recover the sums of money they had paid upon the contract, to-wit: $2,955.40. They say in their brief that this is the amount of payments by them made "less the alleged reasonable rental of said property during the occupancy of the appellants [plaintiffs] on the theory that the said contract for deed had been repudiated by the wrongful acts of the respondents." The wrongful act complained of is stated in the complaint to be: "That on or about January 29, 1933, the defendants repudiated the said contract and demanded possession of said land from the plaintiffs and plaintiffs' tenants and ousted plaintiffs and plaintiffs' tenants from possession thereof."

The judgment roll in the unlawful detainer action was introduced in evidence and by the trial court received. The record discloses that Mr. Tallakson was being cross-examined by one of defendants' counsel, and this is what took place:

Q. "Showing you file in the municipal court of the city of Minneapolis No. 292874, I will have you look that over and tell me if that is the file that you examined a few days before the 7th day of February, 1933?

A. "It appears to be the same file, Mr. Chesnut.

Q. "That is the case that came up on the 7th day of February, about which you testified to conversations?

A. "In the court room, yes.

Q. "And that involved the property at 4034 Nokomis avenue in the city of Minneapolis?

A. "Yes, that is right.

Mr. Chesnut: "We offer this file in evidence and the judgment roll, the file containing the judgment roll.

Mr. McCareins: "There is no objection on the ground of foundation. There is an objection on the ground that it tends to prove no issue that is material to the disposition of this lawsuit.

The Court: "It will be received.

"Exception by plaintiffs."

Plaintiffs' position is aptly stated in their counsel's objection to the admission of the judgment roll in the unlawful detainer action. If counsel's position is correct, reversal of the order from which the present appeal is taken must necessarily follow. Is it true that the judgment therein rendered "tends to prove no issue that is material to the disposition of this lawsuit?" The solution of this problem should dispose of this appeal.

Plaintiffs' cause is founded upon the existence of the contract for deed and that defendants have wrongfully repudiated their duties and obligations thereunder, thereby causing loss, flowing therefrom, to plaintiffs. There is no claim that defendants did anything to interfere with plaintiffs' rights or their possession of the premises until January 29, 1933. If at that time the contract had in fact been canceled, their then acts and subsequent conduct were not wrongful but only such as any owner might well and properly do or cause to be done. To test and determine the efficacy and validity of the cancellation, defendants brought the unlawful detainer action. To bring that cause to a successful conclusion it became necessary for them to plead and prove to the satisfaction of the court the existence of the contract, that there had been default on the part of the purchasers under the terms thereof, that a proper notice had been issued and served, that the notice had not been complied with, and that the full period within which the default might be made good had expired prior to the bringing of the action. The findings and judgment sustained defendants' claims. By virtue thereof they were given restitution and right

of immediate possession of the premises. That judgment remains in full force and effect. So remaining, it stands as an insurmountable bar to any attack upon its verity and effectiveness and as a final determination of the facts essential to its existence. What was said in Jordahl v. Berry, 72 Minn. 119, 122, 75 N. W. 10, 11, 45 L. R. A. 541, 71 A. S. R. 469, seems to fit the present situation:

"The foundation principle upon which the doctrine of res adjudicata rests is that parties ought not to be permitted to litigate the same issue more than once; that, when a right or fact has been judicially tried and determined by a court of competent jurisdiction, the judgment thereon, so long as it remains unreversed, shall be conclusive upon the parties, and those in privity with them in law or estate."

3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) under "Judgments," §§ 5161, 5162, 5163, and 5164, and cases therein referred to, furnishes an adequate guide. No need exists for a lengthy citation of authorities. It is clear that the judgment in the municipal court action settled not only the present right of possession but necessarily the facts upon which that right rested. It remains a bar to plaintiffs' cause.

Nor can there be any doubt that our statutes adequately provide for the means whereby a contract such as this might be terminated. See 2 Mason Minn. St. 1927, § 9576, and the cases and notes therein referred to. In Clark v. Dye, 158 Minn. 217, 218, 197 N. W. 209, it was expressly held that "the vendee loses all rights at the expiration of the 30 days" after service of notice.

Plaintiffs rely upon Halvorson v. Bexell, 157 Minn. 97, 195 N. W. 635. That case is clearly not in point because there the notice served was in violation of the statutory provision requiring prepayment of registration tax before such notice could be served. There is the further distinction that in that case the rights of the vendors had not been submitted to any court for adjudication by unlawful detainer or otherwise.

We think the trial court properly disposed of the case below, and its order is affirmed.