LOUIS BERNSTEIN v. J. LEVITZ AND ANOTHER.[1]

December 20, 1946.

No. 34,275.

[1]Reported in 25 N. W. (2d) 289.

*Louis Sachs* and *James S. Niman,* for appellant.
*Ell M. Roston,* for respondents.

MATSON, JUSTICE.

Plaintiff appeals from an order denying his motion for a new trial in an action for an accounting of the business of a partnership or joint venture alleged to have been established and conducted by plaintiff and defendants pursuant to an agreement made about September 1, 1940, for the operation in Minneapolis of the Loop Furniture Company. Defendants denied that they ever entered into said partnership or joint venture, and further alleged that plaintiff was estopped by a prior adjudication. The trial court sustained defendants' objection to the introduction of evidence and granted a motion of dismissal on the ground that the issue of partnership was *res judicata.*

In a prior action, in which a verdict was directed for the defendants, plaintiff sued the defendants (and Delia Bearman, against whom the case was later dismissed) for damages for alleged fraud

in luring plaintiff into a pretended partnership or joint venture for the operation of the Loop Furniture Company and thus to gain the advantage of plaintiff's skill, experience, and acquaintance in establishing a furniture business, and then to oust the plaintiff from the organization and deprive him of his share therein. Defendants by their answer alleged that plaintiff was only an employe and denied that he had ever become, or that he had ever been promised the status of, a partner. This prior action, sounding in tort, was based on the theory that defendants had promised plaintiff a partnership interest, with a fraudulent intent that the promise should never be kept, and that plaintiff had never in fact become a partner. Upon appeal, the lower court's decision was affirmed. See, Bernstein v. Levitz, 218 Minn. 576, 16 N. W. (2d) 744.

■ Was the former adjudication *res judicata* as to the issue of partnership? A different cause of action was involved. Obviously, we are not concerned with an estoppel by judgment, but with estoppel by verdict. 3 Dunnell, Dig. & Supp. §§ 5161 and 5162; 2 Freeman, Judgments (5 ed.) § 689. The latter is limited in its application to issues of fact actually or necessarily adjudicated in the prior action, and such adjudication is *res judicata* and final and conclusive on the parties and their privies in all subsequent litigation, although different causes and forms of action are involved.[2]

■ The direction of the verdict in the former action, after the parties had rested, based on insufficiency of evidence to sustain a proof of fraud, constituted a decision on the merits.[3] In ascertaining what issues were actually litigated, the entire record may

[2]Wolfson v. Northern States Management Co. 221 Minn. 474, 22 N. W. (2d) 545; Jordahl v. Berry, 72 Minn. 119, 75 N. W. 10, 45 L. R. A. 541, 71 A. S. R. 469; 2 Pirsig's Dunnell, Minn. Pleading, § 1949, and cases cited in notes; 3 Dunnell, Dig. & Supp. §§ 5161, 5162; Restatement, Judgments, § 68, *comment c.*

[3]See, Mardorf v. Duluth-Superior Transit Co. 192 Minn. 230, 255 N. W. 809; McElroy v. Board of Education, 184 Minn. 357, 238 N. W. 681; 6 Dunnell, Dig. & Supp. § 9751; 23 Minn. L. Rev. 363, 366.

be examined, and this we have done. 3 Dunnell, Dig. & Supp. § 5162, and cases under note 87.

■ Plaintiff by his pleading in the prior action alleged that he had not ever become a partner. Defendants by their answer, containing an allegation to the same effect, admitted that plaintiff was not a partner. Although the matter stood admitted by the pleadings, nevertheless plaintiff, *on both direct as well as on cross-examination,* presented evidence to the trial court for its determination by testifying that he was not a partner. Contrary to the theory of his action, and apparently for the purpose of resisting defendants' contention that a partnership never existed, plaintiff strenuously sought on cross-examination to avoid admitting that he knew he had never become a partner. Upon cross-examination, he testified:

"Q. My question is, did you not tell Mr. McAllister, not more than 30 minutes ago, that you found out you were not a partner in this business two months before you went to the hospital?

"The Court: You can answer that question yes or no.

"The Witness: If I answered not a partner?

"The Court: Answer yes or no, and no more argument.

"A. Yes.

"Q. That is, you first found out you were not a partner in this business about March 7, is that right?

"A. Yes."

Whatever motive governed plaintiff in his testimony, it is clear that the issue was litigated.

"Even if a question of fact is not put in issue by the pleadings, yet if evidence is offered in regard to it and it is submitted to the trier of facts for determination, and is determined, the question is litigated and the judgment is conclusive as to the question in a subsequent action between the parties." Restatement, Judgments, § 68, *comment f,* p. 304.

50

"* * * The rules stated in this Section are applicable only where the facts determined are essential to the judgment." *Id., comment o,* p. 309.

As an inevitable inference, it follows that the court in ordering a directed verdict for defendants in the prior action necessarily adjudicated the partnership issue. In determining the presence or absence of fraud, the court's inquiry was directed to a consideration of whether any promise of partnership had ever been made, and, if made, whether such promise had been accompanied by fraudulent intent of nonperformance. Clearly a finding that no promise had been made would necessarily and decisively involve a determination that no partnership had resulted. Likewise, a finding that a promise of partnership had been made in good faith and without any fraudulent intent of nonperformance, although later broken as a simple breach of contract, necessarily involved a determination that no partnership resulted. *Essential* to plaintiff's right of recovery was the factual foundation that no partnership existed. Proof that he was a partner would have defeated his action. He could not recover damages in fraud for not having been made a partner and at the same time be a partner. The issue of partnership was fundamental, and, by necessary implication and inevitable inference, the court, in directing a verdict because the evidence did not sustain the finding of fraud, adjudged that a partnership did not exist. 2 Freeman, Judgments (5 ed.) §§ 692, 693; Restatement, Judgments, § 68, *comments f* and *o.* In Stothard v. Shanley, 166 Minn. 134, 136, 207 N. W. 198, 199, this court held:

"The doctrine of estoppel by verdict applies only as to those matters actually litigated in the former action and necessarily determined by the former judgment."

We have without doubt in the instant case the necessary elements of actual litigation, plus the essentiality of such litigation to the judgment rendered. See, Wolfson v. Northern States Management Co. 221 Minn. 474, 22 N. W. (2d) 545.

The order of the trial court is affirmed.

Affirmed.