**Wilbur S. NESBITT, Plaintiff,**

v.

**ALLIED MUTUAL CASUALTY COMPANY, an Iowa Corporation, Defendant.**

**Civ. No. 2775.**

United States District Court
D. Minnesota, Third Division.

Feb. 28, 1956.

**733**

Thomas F. Burns, St. Paul, Minn., for plaintiff.

Swensen & Miley, Russell F. Swensen, St. Paul, Minn., Davenport, Evans, Hur-

witz & Smith, Sioux Falls, S. D., for defendant.

DONOVAN, District Judge.

This diversity case comes before the Court on defendant's motion for summary judgment.

The file discloses the case was commenced in the Ramsey County, Minnesota, District Court, and properly transferred to this Court.

The litigation arises out of a collision between plaintiff's automobile and a truck insured by defendant. The collision occurred on a public highway in the State of South Dakota at about 8:30 o'clock p. m. on August 9, 1952.

Plaintiff, at all times, was a resident of the State of Michigan. The operator and owner of the truck were at all times residents and citizens of the State of South Dakota. The defendant of the instant case is an Iowa corporation.[1]

Plaintiff's case against the owners and operator of the only other motor vehicle involved in said collision came on for trial in the United States District Court for the District of South Dakota. The suit was for personal injuries and property damage. Therein, the defendant denied liability and pleaded "compromise and settlement" by plaintiff's acceptance and retention of the sum of $2,750 and by cross-complaint defendants prayed the court to require plaintiff to perform said agreement of "compromise and settlement" and to permanently enjoin plaintiff from carrying on litigation attributed to said collision. The court in that action found in favor of the defendants and against the plaintiff.

Except for the naming of the one defendant in the instant case and excluding the naming of the defendants in the

1. The pleadings make obvious that the action is based upon tort and is controlled by the substantive law of South Dakota, the place where the injury occurred. Minnesota is not the home forum of either party. Thus the instant case is one commenced in Minnesota by a Michigan plaintiff against an Iowa corporation with the driver and owners of the car all residing in South Dakota. Defendant's motion to transfer to the forum where the accident occurred was denied by Judge Robert C. Bell.

734

South Dakota case, the complaints of the two cases are almost identical in contents. In the instant case defendant, in addition to denying liability, pleads the agreement of compromise and release with the named defendants in the South Dakota suit, privity and res judicata.

■ Rule 56 provides a simple and inexpensive means for putting an end to litigation where full and complete disclosure by pleading and affidavit warrants summary judgment. A showing of complete absence of a genuine material fact issue or that the same has been adjudicated and that no controversy remains, requires the granting of the motion.[2]

It is manifest that plaintiff desires to relitigate the same issues heretofore tried and reduced to judgment by the United States District Court of South Dakota. Plaintiff, in his affidavit, admits that the issue of fraud was fully litigated in the South Dakota action and that the proof in this trial will be substantially the same as that adduced in the referred-to action.[3] The two most serious points raised by plaintiff apparently have to do with privity and equity,

about which further comment will be made.

■ Where in a former action any issue is actually litigated and determined, with the judgment based on such determination, all named parties and all in privity therewith are forever estopped from asserting in another action that which is contrary to such determination.[4] Defendant asserts it is in privity with the parties defendant in the previous litigation, and this conclusion finds merit from the cases cited by it.[5] There seems little question but that the defendant herein controlled the actions in the prior suit, that its interests were represented therein and that it was a successor in interest. The law is clear in such instance that privity exists.[6]

■ Plaintiff contends "that a fair trial was unavailable [to him] in the United States District Court for the District" wherein his case was tried. That issue is not for determination by this Court. His remedy was by resort to the appellate court.

"* * * a plaintiff who deliberately selects his forum and there unsuccessfully presents his proofs, is

2. Rule 56(b, c), Federal Rules of Civil Procedure, 28 U.S.C.A.; Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411; Hurd v. Sheffield Steel Corp., 8 Cir., 181 F.2d 269; Caylor v. Virden, 8 Cir., 217 F.2d 739; Union Transfer v. Riss, etc., 8 Cir., 218 F.2d 553, 554; Rubenstein, etc., v. Dr. Pepper Company, 8 Cir., 228 F.2d 528; Brodrick v. Gore, 10 Cir., 224 F.2d 892; Rohner v. Union Pac., etc., 10 Cir., 225 F.2d 272, 273; Whelan v. New Mexico, etc., 10 Cir., 226 F.2d 156; Chambers & Co. v. Equitable, etc., 5 Cir., 224 F.2d 338.

3. Plaintiff counsel's affidavit reads in part as follows:
"That the issue of whether fraud in the procurement of said release was practiced upon plaintiff by said Hauck and Hartungs was fully tried in said South Dakota action; that the issue of whether fraud in the procurement of said release was practiced upon plaintiff by defendant herein was not tried in said South Dakota action; that although the cause of action alleged in the complaint herein is not the same cause of

action which was alleged in the complaint in said South Dakota action, the proof thereof, and the proof of the defenses thereto alleged in the answer herein, will be substantially the same as that adduced in said South Dakota action."

4. Defendant cites, among other cases:
Bernstein v. Levitz, 223 Minn. 46, 25 N.W.2d 289; United States v. Munsingwear, Inc., 8 Cir., 178 F.2d 204, certiorari granted 339 U.S. 941, 70 S.Ct. 795, 796, 94 L.Ed. 1357, final opinion, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36.

5. Among other cases, defendant cites the following:
Carlock v. Loyd, 43 S.D. 611, 181 N. W. 835; Goldberg v. Sisseton Loan & Title Co., 24 S.D. 49, 123 N.W. 266; Keith v. Willers Truck Service, 64 S.D. 274, 266 N.W. 256, 104 A.L.R. 1471; Roth Tool Co. v. New Amsterdam Casualty Co., 8 Cir., 161 F. 709; Tootle v. Coleman, 8 Cir., 107 F. 41, 57 L.R.A. 120.

6. See, for instance, Tootle v. Coleman, supra; Roth Tool Co. v. New Amsterdam Casualty Co., supra.

bound by such adverse judgment in a second suit involving all the identical issues already decided. The requirement of mutuality must yield to public policy. To hold otherwise would be to allow repeated litigation of identical questions, expressly adjudicated, and to allow a litigant having lost on a question of fact to re-open and re-try all the old issues each time he can obtain a new adversary not in privity with his former one."[7]

For the foregoing reasons, defendant's motion for summary judgment is granted. Plaintiff is allowed an exception.

7. Coca Cola Co. v. Pepsi-Cola Co., 6 W.W. Harr. 124, 133, 36 Del. 124, 133, 172 A. 260, 263, cited by the Minnesota Supreme Court in Gammel v. Ernst & Ernst, Minn., 72 N.W.2d 364, 369.