# CARL GOLLNER v. FRANCIS CRAM.

102 N. W. (2d) 521.

April 14, 1960—No. 37,817.

*Swanson, Swanson & Swanson* and *Richard Torrison,* for appellant.
*King & Flora,* for respondent.

DELL, CHIEF JUSTICE.

Plaintiff appeals from an order dismissing his action for damages allegedly resulting from the defendant's failure to properly care for plaintiff's cattle under a certain lease agreement.[1]

On November 5, 1956, the parties entered into a written lease whereby plaintiff rented his farm to the defendant for a term of four years. One of the terms of the lease was as follows:

"It is understood and agreed that as partial consideration, Lessee shall pay to Lessor $1,000.00, payable as follows:

"$400.00 payable on or before Dec. 10, 1956, of each year.

"$600.00 payable by wintering 22 head of cattle for Lessor during each said winter from Nov. through May 15th of each said year."

The lease also provides for the right of reentry upon breach of any of its covenants.

On March 7, 1957, plaintiff commenced an action against the defendant in justice court for unlawful detainer, alleging that the defendant had failed to properly care for said cattle and was, therefore, in default under the lease. After a trial by jury, the defendant was found "not guilty." No appeal was taken from the judgment entered on this verdict.

Thereafter the plaintiff brought the instant action in the district court alleging that on or about November 10, 1956, he had delivered 22 head of cattle to the defendant to be cared for by him under the terms of the lease; that the defendant had failed to properly care for said cattle; that plaintiff was forced to take back said cattle on or about February 25, 1957, to his damage in the sum of $300; and that as a further result of the defendant's failure to properly care for the cattle they were stunted and permanently injured to the extent of $3,500. On defendant's motion to dismiss, the trial court concluded that since the

---

[1]The complaint, as amended by the pretrial order, alleges several other causes of action which are not involved on this appeal.

issues raised by these allegations had been previously litigated in the unlawful detainer action, the judgment in that suit operated by way of collateral estoppel.

Plaintiff argues that the former judgment is not res judicata because (1) there was no showing that the jury in the unlawful detainer action actually determined that the defendant had properly cared for the cattle; (2) the justice court had no jurisdiction to determine the question of damages to the cattle; and (3) the actions are entirely different in form, scope, and purpose.

■ The doctrine of collateral estoppel (also referred to as estoppel by verdict) applies where it affirmatively appears that the issue presented has already been litigated in a prior suit between the same parties even though based upon a different cause of action.[2] Unlike the situation where a former judgment acts as an absolute bar, it is an indispensable prerequisite to collateral estoppel that the issue involved be actually litigated and determined in the former suit.[3]

The controlling issue in both the unlawful detainer action and the present one is the same. In the prior action the plaintiff alleged that "the Defendant failed to properly care for the cattle and that the Plaintiff was forced to remove the cattle from the premises on or about February 27, 1957, because of the failure of the Defendant to carry out his part of the terms of the lease." No other breach on the part of the defendant was asserted. In his answer the defendant denied that he had "failed to properly care for the cattle on the premises." The issue of the defendant's care of the cattle was, therefore, squarely and unequivocally raised by the pleadings, and it is conceded by counsel that evidence was introduced concerning it. Moreover, since no alternative ground for restitution of the premises was asserted, the verdict of the jury, by necessary implication, was based upon a determination of that issue. It is clear that where an issue is raised by the

[2]Anderson v. Mikel Drilling Co. 257 Minn. 487, 102 N. W. (2d) 293; Hierl v. McClure, 238 Minn. 335, 56 N. W. (2d) 721; 10 Dunnell, Dig. (3 ed.) § 5162.

[3]Smith v. Smith, 235 Minn. 412, 51 N. W. (2d) 276, 32 A. L. R. (2d) 1135; Bernstein v. Levitz, 223 Minn. 46, 25 N. W. (2d) 289.

pleadings, where it is actually litigated, and where its determination is necessarily implied in the verdict, the doctrine of collateral estoppel may apply regardless of whether any specific findings are made.[4]

■ The jurisdiction of justice courts is limited in civil cases to controversies not exceeding $100.[5] Plaintiff urges that since the amount here involved exceeds this limitation the justice court was without jurisdiction to try the damage aspect of the case and the doctrine of collateral estoppel cannot properly be applied. Generally speaking, where a court would have no jurisdiction to determine a particular issue in an action brought directly for that purpose, but does necessarily and properly resolve it in deciding the case before it, its judgment does not preclude the relitigation of that issue.[6] Restatement, Judgments, originally extended this rule to the situation where the jurisdiction of the court in the prior action was limited by the amount in controversy, saying (Restatement, Judgments [1942] § 71, *comment d*):

"'The rule is applicable where an action is brought in a court which has jurisdiction only where the amount in controversy does not exceed a specified sum. If an action is brought in such a court to enforce a claim for less than the designated amount, and the liability of the defendant depends upon a determination of a particular matter, the determination of this matter, although conclusive in this action, is not conclusive in a subsequent action between the parties involving a claim exceeding the designated sum, brought in a court whose jurisdiction is not limited as to the amount in controversy."

The proponents of this rule argue that while issues should not be retried between the same parties, they are, nevertheless, entitled to have an issue adjudicated by a court not only competent to try the issue,

---

[4]Bernstein v. Levitz, 223 Minn. 46, 25 N. W. (2d) 289; cf. Wolfson v. Northern States Management Co. 221 Minn. 474, 22 N. W. (2d) 545; Spears v. Drake, 193 Minn. 162, 258 N. W. 149.

[5]M. S. A. 530.05.

[6]Restatement, Judgments, § 71; Scott, *Collateral Estoppel by Judgment*, 56 Harv. L. Rev. 1, 18, et seq.; cf. Bulau v. Bulau, 208 Minn. 529, 294 N. W. 845; Muellenberg v. Joblinski, 188 Minn. 398, 247 N. W. 570.

but competent to afford relief as well.[7] Under this view the plaintiff here would not be precluded from relitigating the issue of the defendant's alleged failure to properly care for the cattle since the justice court, although properly resolving the issue as a part of the unlawful detainer proceedings, was not competent to render the relief requested in the present action.

The vast majority of the courts, however, do not share this view,[8] and the position enunciated in Restatement has now been abandoned with the following explanation (Restatement, Judgments [1948 Supp.] § 71, *comment d*):

"It would seem that there is a difference in principle between a court whose jurisdiction is general but limited as to amount involved and a court whose jurisdiction is limited by subject matter. In the former case the court may entertain a claim for an amount in excess of its jurisdiction if the excess is waived. It thus has jurisdiction to decide the question involved although not to give complete relief. The court whose jurisdiction is limited to a certain specific subject matter, however, may not entertain at all a claim involving a subject matter not within its jurisdiction."

Although the question has not been specifically decided in this jurisdiction, we have by implication followed the majority view. In Herreid v. Deaver, 193 Minn. 618, 259 N. W. 189, the parties had entered into a contract for deed. Upon a default in certain payments the sellers served a notice of cancellation. They thereafter successfully maintained an action against the buyers for unlawful detainer in the municipal court. The buyers then commenced an action in the district court for damages in an amount in excess of the jurisdiction of the

---

[7]See the dissenting opinion in the leading case of Geracy, Inc. v. Hoover, 77 App. D. C. 55, 133 F. (2d) 25, 147 A. L. R. 185.

[8]See, e. g., Geracy, Inc. v. Hoover, 77 App. D. C. 55, 133 F. (2d) 25, 147 A. L. R. 185; Todhunter v. Smith, 219 Cal. 690, 28 P. (2d) 916; Allamong v. Falkenhof, 39 Ohio App. 515, 177 N. E. 789; Fireman's Fund Ins. Co. v. Bybee (Tex. Civ. App.) 322 S. W. (2d) 657; Petrus v. Robbins, 196 Va. 322, 83 S. E. (2d) 408; see, also, Annotation, 147 A. L. R. 196, 226.

municipal court on the ground that the sellers had wrongfully repudiated the contract for deed. The controlling question in both actions was the efficacy of the notice of cancellation. Without considering the jurisdictional question, the court held that the determination of the municipal court in the unlawful detainer proceeding that the cancellation was valid was res judicata.[9]

The policy requiring that every party be given his "day in court" should not, of course, be defeated by an arbitrary application of the doctrine of res judicata. However, whether a party has been afforded a full and fair opportunity to litigate an issue does not, in our opinion, rest upon the monetary limits of a court's jurisdiction. It depends, rather, upon the stature of the court and the nature of the proceedings before it.[10] For example, in Sanderson v. Niemann, 17 Cal. (2d) 563, 110 P. (2d) 1025, the court held that a determination of an issue in the small claims court could not properly be asserted by way of collateral estoppel in a subsequent action in a higher court because the proceedings of the small claims court involved no attorneys, no pleadings, no legal rules of evidence, no juries, no formal findings, and a very limited right of appeal. With the exception of necessity for formal findings, this is not true of our justice court. Litigants may be represented by counsel, issues are framed by pleadings, jury trial is available, and liberal provisions are made for appeal.[11] We must conclude, therefore, that since the plaintiff did have the opportunity to fully litigate the issues involved, the doctrine of collateral estoppel was properly invoked to preclude their relitigation in the present action.

■ Finally, plaintiff urges that the following language of this court in Adamson v. Dougherty, 248 Minn. 535, 543, 81 N. W. (2d) 110, 115, is controlling:

---

[9]See, also, Ferch v. Hiller, 210 Minn. 3, 297 N. W. 102, where determination in unlawful detainer action that contract for deed was cancelled held res judicata in subsequent action involving ownership of proceeds from sale of land.

[10]See, United States v. Silliman (3 Cir.) 167 F. (2d) 607, certiorari denied, 335 U. S. 825, 69 S. Ct. 48, 93 L. ed. 379; Niles v. Niles (Del.) 111 A. (2d) 697.

[11]See, 10 Dunnell, Dig. (3 ed.) § 5279, et seq.

14

"* * * To bar recovery in pending litigation because of a final determination in prior judicial proceedings, it would seem to be essential that both causes be identical in form, scope, and purpose."

In that case the defendant, in a suit brought under the provisions of M. S. A. 340.95 (Civil Damage Act), sought to interpose as a defense a determination made in a prior wrongful death action in which he was not a party. While recognizing the general rule that there must be a mutuality of parties in order for res judicata to apply, the court noted an exception permitting, under certain circumstances, the plea of collateral estoppel to be defensively asserted by a stranger to the prior proceedings.[12] It held, however, that the exception did not apply because the two actions were substantially different in scope and purpose.

Where, as in the instant case, the parties are identical, this exception and its limitations are of no significance, and the doctrine of collateral estoppel may be applied even where the subsequent suit is based upon a totally different cause of action.[13]

In view of our decision it is unnecessary to reconsider defendant's contention that the order appealed from was merged in a subsequent judgment and hence not appealable.

The order appealed from is affirmed.

Affirmed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument or submission, took no part in the consideration or decision of the case.

---

[12]Gammel v. Ernst & Ernst, 245 Minn. 249, 72 N. W. (2d) 364, 54 A. L. R. (2d) 316; Miller v. Simons, 239 Minn. 523, 59 N. W. (2d) 837; Wilson v. Erickson, 152 Minn. 364, 188 N. W. 994. For an excellent discussion of the modern limitations of the mutuality requirement, see Currie, *Mutuality of Collateral Estoppel: Limits of the Bernhard Doctrine,* 9 Stanford L. Rev. 281.

[13]See footnote 2, *supra.*