**Gerald H. SEIFRED, Appellant,**

v.

**Martha C. ZABEL, et al., Respondents.**

**No. CX–85–106.**

Court of Appeals of Minnesota.

June 18, 1985.

Daniel D. Reisman, Minneapolis, for appellant.

Karla R. Wahl, Minneapolis, for respondents.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Gerald Seifred brought this action against Martha and Richard Zabel, doing business as Zabel's Mobile Home Park, alleging that they discriminated against him on the basis of his familial status. The matter was presented to the trial court on stipulated facts. The trial court found that Seifred failed to carry his burden of proving unlawful discrimination, and Seifred appealed. We affirm.

## FACTS

In August of 1982, appellant gave notice to respondents that he was terminating his lease of lot C–3 in Zabel's Mobile Home Park, and that he was applying for occupancy of lot C–2, on which was located a mobile home he had just purchased. Respondents denied his application in a letter, dated August 3, 1982, which stated that he would not be allowed to lease the new lot because two school age children had moved in with him since the inception of his tenancy of Lot C–3. Appellant occupied his new mobile home on lot C–2 anyway. Respondents brought an unlawful detainer action, and appellant was ordered out. Appellant had attempted to defend against the unlawful detainer by alleging discrimination, but the trial court declined to rule on that issue and found against appellant on other grounds. A three judge district court panel affirmed, and appellant's petition to the supreme court for discretionary review was denied.

After the denial of the petition for review, appellant instituted this action. The facts were stipulated. The Mobile Home Rental Agreement and the Rules and Rental Agreement entered into by appellant at the time he occupied lot C–3 contained the only written rules and regulations governing the conduct of residents of the mobile home park which were in effect on August 2, 1982. No *written* rules governing the ages of residents were in effect at that time, but the court which decided the unlawful detainer proceeding did find that an adults-only policy had been in effect since 1975 and that appellant knew of that policy from the start of his tenancy. The policy was written down sometime before September 1, 1982, but after August 1, 1982. The parties agreed that the court could take judicial notice of the unlawful detainer action.

After appellant appealed, respondents filed a notice of review seeking reversal of the trial court's denial of their counterclaim. The counterclaim sought damages for appellants' alleged fraud and misrepresentation. In their brief, however, respondents do not argue for judgment on their counterclaim.

## ISSUES

1. Did respondents' failure to publish a written rule excluding children from the park deny them the exemption allowing parks to reserve lots for households containing at least one elderly person contained in Minn.Stat. § 363.02, subd. 2(a)?

2. Are respondents entitled to their attorney fees on appeal?

## ANALYSIS

Initially, we note that the trial court's memorandum accompanying its order granting summary judgment indicates that it misjudged the action. Appellant's cause of action was based on respondents' *refusal to lease to appellant* (familial status discrimination), not on appellant's eviction. The trial court's memorandum indicates that it found that the *eviction* was justified because appellant broke park rules by living on the new lot without a lease. Whether the eviction was justified, however, does not affect whether respondents unlawfully discriminated against appellant and his family in refusing to lease to him in the first place. If his claim as to

discrimination has merit, we can consider it.

■ Respondents argue that appellant is collaterally estopped from relitigating the issue of discrimination by the final judgment in the unlawful detainer action. Collateral estoppel only applies to prevent relitigation of an issue which has already been argued and *necessarily determined* by an earlier court. *Gollner v. Cram*, 258 Minn. 8, 9, 102 N.W.2d 521, 523 (1960). The county court which determined the unlawful detainer action declined to rule on appellant's claim of discrimination, as did the district court panel which reviewed the county court's determination. Appellant is not estopped from relitigating the discrimination issue.

### I.

*Written rule:*

■ In the letter which denied appellant a lease for the new lot (C–2), respondents stated that they could lawfully refuse to lease to him because of children since their park met the statutory exemption for an adults-only park. The statute which provides that exemption reads as follows:

> The provisions of subdivision 2, prohibiting discrimination because of familial status: (1) do not apply to a manufactured home park the majority of whose lots are reserved by park rule to households containing at least one elderly person * * *

Minn.Stat. § 363.02, subd. 2a (1982). Martha Zabel testified at the unlawful detainer hearing that respondents' mobile home park had been an adults only park under this section since 1975, and that appellant had been told of this designation when he moved in. "Park rules" designating the park as an adults only park with certain sites reserved for families with at least one person over 55 were not required to be in writing until August 1, 1982. Minn.Stat. § 327C.02, subd. 1 (1982). In order to prove the park had *not* been validly designated adults only before August 1, 1982, appellant, who had the burden of proof,

had to show that the required number of sites were not reserved for families with one member over 55. He failed to make this showing, and thus he did not prove there was no valid adults only policy in effect as of July 31, 1982.

■ Appellant argues, however, that whether there was a valid adults only policy in effect on July 31, 1982, is irrelevant, since on August 1, 1982, such a policy had to be in writing (under § 327C.02), and it was not. No written policy on August 1, 1982, appellant argues, means no effective exemption on August 2, and thus the denial of a lease to appellant because of children on August 2 was unlawful discrimination.

Before August 1, 1982, there was no requirement that mobile home park rules be in writing. The issue here is thus whether respondents should be allowed a grace period during which to get their rules down in writing. Appellant has failed to prove that an adults-only policy did not exist before he was denied a new lease. To hold, as appellant wishes us to hold, that respondents' seven-year policy should be summarily disregarded because it was not put in writing on August 1 (it was by August 15th) would be unfair and illogical. Although it would have been business-like and better, in light of ensuing events, for the Zabels to have the policy typed up and distributed before the statute requiring rules to be in writing went into effect, we cannot say that failure to do so was fatal to their policy, particularly when their compliance by August 15th was, under the circumstances, timely and substantial.

Because respondents had a valid policy excluding families with children from their mobile home park, appellant failed to establish that he was unlawfully discriminated against when respondents refused to rent to him because two children had moved in with him since the inception of his initial tenancy.

### II.

*Attorney fees:*

■ Respondents ask for attorney fees, alleging that appellant litigated in bad

faith. While the trial court made a finding of bad faith on the part of appellant, the court was referring to appellant's conduct *after* the alleged unlawful discrimination occurred. In bringing this action for unlawful discrimination, appellant did not act in bad faith, assert a claim or defense knowing it to be frivolous, assert an unfounded position solely to harass, or commit a fraud upon the court. Minn.Stat. § 549.21 (1982). Appellant's appeal was not groundless, and we do not wish to discourage litigation under the Minnesota Human Rights Act. Respondents also request attorney fees because of appellant's alleged "misrepresentation." This argument, once again, is relevant to the award of attorney fees in the unlawful detainer action, not this action. The court's refusal to award attorney fees in the unlawful detainer action is not before us.

## DECISION

Trial court did not err in ruling that appellant failed to prove respondents had unlawfully discriminated against him on the basis of his familial status. Respondents are not entitled to attorney fees.

Affirmed.