## In re the ESTATE OF Richard L. PERRIN, Decedent.

### No. A10–1352.

Court of Appeals of Minnesota.

April 19, 2011.

Lori Swanson, Attorney General, Cynthia B. Jahnke, Assistant Attorney General, St. Paul, MN, for appellant Commissioner, Minnesota Department of Human Services.

David E. Culbert, Minneapolis, MN, for respondent Perrin Estate.

Considered and decided by ROSS, Presiding Judge; CONNOLLY, Judge; and RANDALL, Judge.

## OPINION

RANDALL, Judge.*

Appellant commissioner of the Minnesota Department of Human Services argues that the district court erred when it (1) disallowed and denied Hennepin County's (the county) original claim for recovery of medical-assistance benefits based on its claim that the district court erroneously interpreted the supreme court's holding in *In re Estate of Barg*; and (2) concluded that the county's alternative claim for recovery was barred by the doctrine of collateral estoppel. We conclude that the district court properly disallowed and denied the county's original claim based on *Barg. Barg* finally adjudicated the merits of the county's alternative claim for recovery. We therefore affirm.

## FACTS

The facts in this case are not in dispute. Dorothy Perrin received $276,408.16 in medical-assistance (or Medicaid) benefits prior to her death in March 2004. Dorothy Perrin was survived by her husband, Richard Perrin, who died in July 2006, having never received any medical-assistance benefits. Richard Perrin's estate consisted of the homestead, which sold for $284,400 in December 2007, and cash in the amount of $12,800. The Perrins owned the home as joint tenants until 1995 when Dorothy Perrin transferred her interest in the property to Richard Perrin by quit claim deed.

In September 2006, Hennepin County made a written statement of claim against Richard Perrin's estate seeking recovery of the entire value of Dorothy Perrin's medical-assistance benefits under Minn. Stat. § 256B.15 (2006). In March 2008, the estate denied the county's claim in its entirety. The county then petitioned for allowance of the claim, and the matter was set for hearing before a district court referee.

While the county was pursuing its claim against Richard Perrin's estate, Mille Lacs County was pursuing a similar claim for reimbursement against a surviving spouse's estate. The matter was being litigated as *In re Estate of Barg* and involved similar facts and legal issues. The county and estate agreed that the outcome of *Barg* controlled the validity of the county's claim asserted under section 256B.15, subdivision 2.

Three issues were decided in *Barg.* First, the supreme court concluded that federal law, 42 U.S.C. § 1396p(b)(1)(B) (2000), did not preempt the authorization in Minn.Stat. § 256B.15, subd. 1a (2006), to make a claim for recovery of Medicaid benefits paid for a recipient spouse against the estate of the surviving spouse. *In re Estate of Barg*, 752 N.W.2d 52, 64–68 (Minn.2008). Second, the court concluded that federal law, 42 U.S.C. § 1396p(b)(4)(B), which allows the state to recover from assets in the surviving spouse's estate that the recipient spouse "had any legal title or interest [in] at the time of death," did partially preempt Minn. Stat. § 256B.15, subd. 2 (2006), "to the extent that [section 256B.15, subd. 2,] authorize[d] recovery from the surviving spouse's estate of assets that the recipient owned as marital property or as jointly-owned property *at any time* during the

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

marriage." *Id.* at 71. Third, and most importantly, the court concluded that the recipient spouse, Dorothy Barg, "did not retain [an] interest in the [homestead] at the time of her death, because that interest was effectively and legally transferred [to her surviving husband] before her death." *Id.* at 72. "[T]herefore there [was] no basis for the County's claim against the estate." *Id.* at 73.

After *Barg* was decided, the county again moved for allowance of its claim asserting an alternative theory for recovery under Minn.Stat. § 519.05(a) (2008), providing that spouses are jointly and severally liable for necessary medical expenses incurred by the other spouse. The estate argued that *Barg* decided the issue of whether a claim for medical-assistance benefits could be satisfied through section 519.05(a), and therefore the county's claim was barred under either res judicata or collateral estoppel.

The district court issued an order in February 2010 disallowing and denying the county's original claim for recovery of medical-assistance benefits based on *Barg*'s holding. The court also concluded that the county's alternative theory for recovery was barred by the doctrine of res judicata.

The county moved for review of the district court's order disallowing and denying its claim against the Perrin estate. Before this motion was heard, the Commissioner of the Minnesota Department of Human Services intervened in the matter and submitted, along with the county, a memorandum in support of the motion to review. The district court then issued an order in June 2010 affirming its order issued in February.

On review, the district court concluded that the doctrine of collateral estoppel, not res judicata, precluded litigation of the county's alternative theory of recovery.

The district court recognized that the *Barg* opinion does not mention section 519.05(a), but found the issue to have been finally adjudicated based on the fact that it was briefed and argued before the Minnesota Supreme Court and appealed to the United States Supreme Court, which declined review of the supreme court's decision. *See Vos v. Barg,* —— U.S. ——, 129 S.Ct. 2859, 174 L.Ed.2d 576 (2009) (denying certiorari).

The commissioner appeals the district court's dismissal and denial of the county's original claim against the Perrin estate, arguing that the district court erred when it concluded that *Barg* required disallowance and denial of the claim because it was filed under section 256B.15, subdivision 1a. It further argues that its alternative claim under section 519.05 is not barred by collateral estoppel and requests that we remand to the district court with instructions to consider the merits of the claim.

## ISSUES

I. Did the district court err in concluding that the supreme court's holding in *Barg* required it to disallow and deny the county's claim because it was filed under Minn.Stat. § 256B.15, subd. 1a?

II. Did the district court err in concluding that the county's claim asserted under Minn.Stat. § 519.05(a) is barred by the doctrine of collateral estoppel?

## ANALYSIS

■ This court does not defer to the district court's application of the law when the material facts are not in dispute. *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn.1989). Thus, we review this matter de novo.

## I

■ The commissioner argues that the district court erred when it concluded that

the supreme court's decision in *Barg* requires disallowance and denial of the county's claim because it was filed under section 256B.15, subdivision 1a. The commissioner argues that the district court should have allowed the claim to be filed and then determined if any assets were available to satisfy the claim.

We reject this argument. It misrepresents the district court's orders. The district court noted in both its February and June 2010 orders that counsel for the parties agreed that there were no factual disputes and that the supreme court's ruling in *Barg* was dispositive of the county's original claim for reimbursement asserted under section 256B.15, subdivision 2. *See Bogenholm by Bogenholm v. House*, 388 N.W.2d 402, 405 (Minn.App.1986) (stating that parties "may agree that the determination of issues in another action will be determinative of the issues in" the present action), *review denied* (Minn. Aug. 13, 1986). The district court disallowed and denied the county's original claim for recovery according to *Barg*'s holding. Nowhere in either order does the district court state that the county's claim is disallowed because it was filed under section 256B.15, subdivision 1a.

## II

The district court concluded that the doctrine of collateral estoppel bars the county's alternative claim for recovery of medical-assistance benefits asserted under section 519.05(a). Section 519.05(a) provides that spouses are jointly and severally liable for necessary medical expenses incurred by the other spouse.[1]

Collateral estoppel prevents parties from relitigating issues determined in a prior action. *Heine v. Simon*, 702 N.W.2d 752, 761 (Minn.2005). The application of collateral estoppel "presents a mixed question of law and fact that we review de novo." *Id.* "Once the reviewing court determines that collateral estoppel is available, the decision to apply collateral estoppel is left to the [district] court's discretion. The [district] court's decision will be reversed only upon a determination that the court abused its discretion." *Green v. City of Coon Rapids*, 485 N.W.2d 712, 718 (Minn.App.1992), *review denied* (Minn. June 30, 1992).

Four factors determine whether collateral estoppel is available: (1) the issue litigated in the present action must be identical to an issue in a prior adjudication; (2) there must have been a final adjudication on the merits; (3) "the estopped [party must have been] a party or in privity with a party to the prior adjudication; and (4) the estopped party [must have been] given a fair and full opportunity to be heard on the adjudicated issue." *A&H Vending Co. v. Comm'r of Revenue*, 608 N.W.2d 544, 547 (Minn.2000). Only the second factor, whether there was a final adjudication on the merits, is in dispute.

The commissioner contends that collateral estoppel does not preclude the county's alternative claim against the Perrin estate because the issue was not finally

---

1. The legislature has since amended Minn. Stat. § 519.05(a) to specifically include claims arising under section 256B.15: "Where husband and wife are living together, they shall be jointly and severally liable for necessary medical services that have been furnished to either spouse, including any claims arising under section 246.53, 256B.15, 256D.16, or 261.04 . . . ." Minn.Stat. § 519.05(a) (Supp. 2009); 2009 Minn. Laws ch. 79, § 73 at 805. This amendment is not applicable to this case because it is not retroactive and only became effective on August 1, 2009, well after the deaths of the Perrins in 2004 and 2006. *See* Minn.Stat. §§ 645.02 (stating default rule for effective date), .21 (providing that statutes are not retroactive unless clearly so intended by legislature) (2010).

adjudicated on the merits in *Barg*. The commissioner correctly notes that the *Barg* opinion does not mention section 519.05(a) or provide any analysis on the issue despite the fact that the issue was briefed and raised to the supreme court. Based on the *Barg* opinion's silence, the commissioner speculates that the supreme court did not address the issue because it was not raised at the district court level or because the supreme court simply ignored the issue. Even if collateral estoppel is available, the commissioner argues that its application based on the *Barg* opinion's silence would "greatly and unreasonably expand the . . . concept of precedent."

Although the district court noted that the *Barg* opinion was silent on this issue, it concluded that the issue had been finally adjudicated on the merits because "the issue of a claim pursuant to Minn.Stat. § 519.05(a) was briefed and argued before the Minnesota Supreme Court, could have been argued at the trial court[, and] was appealed to the United States Supreme Court, which declined review of the Minnesota Supreme Court's ruling." The record supports the district court's finding that this issue was briefed and argued to the supreme court in *Barg*.

 "It is clear that where an issue is raised by the pleadings, where it is actually litigated, and where its determination is necessarily implied in the [court's resolution of the issues], the doctrine of collateral estoppel may apply regardless of whether any specific findings are made." *Gollner v. Cram*, 258 Minn. 8, 10–11, 102 N.W.2d 521, 523 (1960); *see Seifred v. Zabel*, 369 N.W.2d 571, 574 (Minn.App.

1985) (citing *Gollner* and stating that collateral estoppel applies to issues that have been argued and necessarily determined by earlier court). In *Barg*, the court concluded that there was "no basis for the County's claim against the estate" and affirmed the denial of the claim for full recovery. *Barg*, 752 N.W.2d at 72–74. The necessary implication of the court's conclusion is that section 519.05(a) did not provide a means for recovery of medical-assistance benefits from the surviving spouse's estate. Because the *Barg* court's resolution of the case necessarily implies that this issue was determined, collateral estoppel was available and its application was within the district court's discretion. Application of collateral estoppel here does not "unreasonably expan[d] the . . . concept of precedent."

## DECISION

The district court properly disallowed and denied the county's original claim for recovery of medical-assistance benefits based on *Barg*'s holding. The district court did not err in concluding that collateral estoppel was available or abuse its discretion in applying the doctrine to preclude litigation of the county's alternative claim for recovery. The claim was necessarily adjudicated on the merits in *Barg*.

**Affirmed.**