RICHARD KRELL v. E. M. ROBINSON AND OTHERS.[1]

February 3, 1928.

No. 26,439.

**Evidence was insufficient to support verdict for the affirmative of an issue.**
    Evidence which at the best is the basis for a mere conjecture, as distinguished from a reasonable inference, is not sufficient to support a verdict for the affirmative of the issue.

Brokers, 9 C. J. p. 654 n. 41.
Evidence, 23 C. J. p. 52 n. 80.

Defendants appealed from an order of the district court for Hennepin county, Magney, J. of the eleventh judicial district acting for

[1]Reported in 217 N. W. 596.

a judge of the fourth judicial district, denying their alternative motion for judgment or a new trial. Reversed with directions.

*James A. Peterson,* for appellants.

*Jay W. Smith, T. M. Thomson,* and *Russell Smith,* for respondent.

STONE, J.

Plaintiff had a verdict for a commission on an alleged sale of certain silver foxes. Defendants, having made a motion for a directed verdict, appeal from the order denying their alternative motion for judgment notwithstanding the verdict or a new trial.

Plaintiff's employment by defendants as a salesman of foxes is admitted. The claim sued upon arises out of a written contract procured by plaintiff under date of June 30, 1925, from the Riverside Silver Fox Company, a Wisconsin corporation then in process of organization. It is not clear that its organization was ever completed or that it ever commenced business even in Wisconsin. The contract was executed by both purchaser and seller and was, we assume, legally binding upon both. The difficulty arises because plaintiff's commission, on his own testimony, was to accrue, not from the contract of sale, but as payments were made thereon. No cash payment was ever made. The down payment called for by the contract was $1,600 in money. In lieu of cash the purchaser tendered its ten-day promissory note. It is here the issue arises, for plaintiff has no cause of action unless defendants accepted this note as cash.

On that issue the burden of proof was upon plaintiff. To discuss the facts would serve no purpose. A search of the record discloses no evidence that the note was ever accepted by defendants in lieu of money. Aside from plaintiff's testimony that he demanded commission on the note, everything in the record indicates that defendants never acquiesced in that demand and that they never accepted the note in lieu of cash. There is strong proof to that effect in several letters written by plaintiff himself shortly after the note was taken, wherein he reported his efforts to collect it and indicated the financial stress which personally he would be under until, as he put it in one letter, he could get "this money to carry on with."

The reference is obviously to the commission he expected out of the proceeds of the note when collected. Putting all of the evidence for plaintiff in its most favorable light, it falls far short of sustaining the burden of proof resting upon him. At the best it supports his claim by mere conjecture, as distinguished from reasonable inference, and that is not enough for the affirmative of the issue.

Defendants asserted counterclaims aggregating $240. The first, second and fourth, aggregating $215, were admitted by plaintiff. As to the third, for $25, the jury found against defendants. The result must therefore be a reversal with directions to enter judgment for defendants and against plaintiff for $215 on the first, second and fourth counterclaims.

So ordered.