[1] Reported in 237 N.W. 22.
The involved claim of Werner Noser, Jr. against the estate of his mother, Babetha Noser, deceased, was disallowed in the probate court of Goodhue county. On claimant's appeal to the district court pleadings were framed and a trial had resulting in a verdict for claimant. The administrator appeals from the order denying his alternative motion for judgment or a new trial.
The claim is upon an alleged contract, implied as of fact, for services rendered by claimant as a laborer on the farm of his mother from 1911 to 1917. The mother departed this life in 1928. The answer of the administrator pleaded the general issue and the statute of limitations, asserting that the cause of action, if any, had not accrued within six years before the filing of the claim. That plea was good, unless claimant could establish something which tolled the statute or that the maturity of his claim was so postponed as to bring it within the six-year period. No effort was made in the former direction, and such as there was to show a deferred maturity failed.
There is testimony that sometime during the year preceding that of her decease Babetha Noser had stated "that she would pay Werner for his labor." The same witness, amplifying his testimony under the stimulus of cross-examination, said the deceased had told him "that she had to pay Werner some money, now then this spring," of 1927. That does not even tend to show that the claim upon which payment was intended was to mature that spring. There is nothing justifying such an inference, at least to the exclusion of *Page 467 
the equally probable one that the debt was long past due. At best, the evidence left in the realm of conjecture this essential element of claimant's case. Hence the verdict for him cannot stand. There must be ground for reasonable inference rather than mere conjecture to support a finding for the affirmative of such an issue. Krell v. Robinson, 173 Minn. 483,217 N.W. 596; Robertson v. C. R.I. P. Ry. Co. 177 Minn. 303,225 N.W. 160.
There is no other evidence aiding claimant at this point. So we must hold that the verdict, finding for him on the issue of the statute of limitations, has no evidence in its support. In consequence it was error not to grant a new trial.
Defendant moved for directed verdict upon the ground "that the claim of the appellant is barred" by the statute of limitations. That motion should have been granted, and I think that the case should be remanded with directions for the entry of judgment for appellant notwithstanding the verdict. But my brethren all feel that there should be an opportunity for a new trial.
The order appealed from is reversed.