## E. H. RENNER & SONS, INC. v. LEE B. PRIMUS AND ANOTHER, d.b.a. SKI-TONKA.

203 N. W. 2d 832.

January 19, 1973—No. 43543.

*Primus & Primus* and *John L. Tambornino,* for appellants.
*Robb, Van Eps & Gilmore* and *Duane E. Arndt,* for respondent.

Heard before Knutson, C. J., and Rogosheske, MacLaughlin, and Schultz, JJ.

HAROLD W. SCHULTZ, JUSTICE.*

This is an appeal from a judgment of the district court which dismissed the counterclaim of defendants, with prejudice, and granted plaintiff judgment in the requested amount of $468.81.

The trial court found insufficient evidence of a causal connection between any act or omission on the part of plaintiff and the damage to defendants. The issue presented on this appeal is whether the trial court erred in directing a verdict in favor of plaintiff on defendants' counterclaim.

Defendants, who operate a ski resort, requested plaintiff to install a pump for the water to supply their snow-making equipment. The pump was installed in August or September 1966. It operated properly until December 1967 when the motor shorted,

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

apparently because of moisture in the electrical junction box. The motor was repaired by plaintiff, resulting in the claim for $468.81. At the trial the parties stipulated that the plaintiff's claim in the amount of $468.81 was proper. Plaintiff never worked on the pump again after February 1968. The pump operated properly through the remainder of the snow-making season of 1968 and until 1971.

On January 6, 1971, it was found that the pump was vibrating and leaking. The Bergerson-Caswell Company removed the pump and repaired it at a cost of $1,919.53. The pump was not used for snow making for the remainder of that season. Defendants then counterclaimed for $25,000, claiming a loss of income by reason of the failure of the pump.

The defendants offered the testimony of an expert witness, Mr. Thomas B. Caswell of Bergerson-Caswell. Caswell testified that extreme wear was shown on the line shaft of the pump which could have been caused by one of three reasons: (1) a sprung shaft, (2) improper lubrication, or (3) improper tension on the cover tube. Defendants' attorney, in a hypothetical question, asked the expert to assume that lubrication was proper. The expert further testified that a sprung shaft was a "rather slight probability." He then concluded that the probable cause of the wear, assuming proper lubrication, was insufficient tension on the cover pipe. Defendants' expert further testified that tension is put on the cover pipe when first installed by tightening the stretch nut and that if the installation is done correctly, the tension should not change. Caswell concluded that the wear on the pipe would develop within a minimum of 200 hours. The witness never testified that improper tension was, in fact, put on the cover pipe at the time of installation. Nor did he even speculate that the cause of the pump's failure was improper installation.

The trial court concluded that defendants had failed to prove a prima facie case as to causation, there being no direct evidence as to whether the installer did or did not put correct tension on the pipe. The jury would have been left to speculate as to the

causal relation between the acts of plaintiff and the damages to defendants. The trial court, after long discussion with counsel in chambers and in reviewing the evidence, found that no testimony had been produced, either directly or by opinion, that plaintiff had not put correct tension on the cover pipe. The court stated that improper installation by plaintiff was only one possible inference among many.

The sole question then is whether the trial court erred in directing a verdict in favor of plaintiff on defendants' counterclaim.

A directed verdict accepts the view of the entire evidence most favorable to the adverse party. It should be granted only in those unequivocal cases where (1) in the light of the evidence as a whole, it would clearly be the duty of the trial court to set aside a contrary verdict as being manifestly against the entire evidence, or where (2) it would be contrary to the law applicable to the case. Lovejoy v. Minneapolis-Moline Power Implement Co. 248 Minn. 319, 325, 79 N. W. 2d 688, 693 (1956).

This court has repeatedly held that verdicts cannot be based upon mere speculation or conjecture. Albert Lea Ice & Fuel Co. v. United States Fire Ins. Co. 239 Minn. 198, 58 N. W. 2d 614 (1953); Huntley v. Wm. H. Ziegler Co. Inc. 219 Minn. 94, 17 N. W. 2d 290 (1944). Proof of a casual connection must be something more than merely consistent with the complainant's theory of the case. Huntley v. Wm. H. Ziegler Co. Inc. *supra;* Alling v. Northwestern Bell Telephone Co. 156 Minn. 60, 194 N. W. 313 (1923).

Where the entire evidence sustains, with equal justification, two or more inconsistent inferences so that one inference does not reasonably preponderate over the others, the complainant has not sustained the burden of proof on the proposition which alone would entitle him to recover. It becomes the duty of the trial court to direct a verdict because failing to do so would cause any verdict to the contrary to be based on pure speculation and

conjecture. Village of Plummer v. Anchor Cas. Co. 240 Minn. 355, 61 N. W. 2d 225 (1953).

If the facts furnish no sufficient basis for inferring which of several possible causes produced the injury, a party who is responsible for only one of such possible causes cannot be held liable. Alling v. Northwestern Bell Telephone Co. *supra.*

In Hanrahan v. Safway Steel Scaffold Co. 233 Minn. 171, 46 N. W. 2d 243 (1951), this court found the evidence insufficient for jury consideration. A scaffolding supplied by defendant broke, injuring plaintiffs. Broken braces from the scaffolding were discovered after the accident. No testimony was introduced as to what caused the breakage. Further, the scaffolding had been out of the control of the defendants for several days. The court concluded that there was no proof as to any one of the possible causes which might have resulted in the failure.

The relationship between any acts or omissions on the part of the plaintiff and the failure of the pump are wholly a matter of conjecture. The pump had been out of the control of the plaintiff for several snow-making seasons. Thus, there was insufficient evidence of a causal connection for the question to go to the jury. The trial court is therefore affirmed.

Affirmed.