Mark DALAGER, Paul Brenden, Stanley Panchott, and Linda Panchott, Husband and Wife, Respondents,

v.

MONTGOMERY WARD & COMPANY, INC., Appellant,

v.

Wayne R. PERRAULT, Respondent.

No. C1–83–1673.

Court of Appeals of Minnesota.

June 5, 1984.

**392**

James A. Sage, Gruesen, Peterson & Sage, P.A., Duluth, for appellant.

Michael W. Haag, Donovan, McCarthy, Crassweller & Magie, P.A., Duluth, for Dalager, et al.

Wayne R. Perrault, pro se.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Plaintiffs brought suit against Montgomery Ward and Co., Inc., alleging that its negligence proximately caused the destruction of plaintiffs' property by fire. The defendant impleaded a third party defendant. A jury found the defendant 65% negligent, the third-party defendant 35% negligent, and found that the third-party defendant was an agent of the defendant. After the court denied defendant's motion for judgment n.o.v. or for a new trial, the defendant appealed. We affirm.

### FACTS

Montgomery Ward & Co., Inc. ("Wards") sold roofing to owners of a house located at 1404 East Fourth St. in Duluth, and hired a roofer to install or apply the roofing materials. The roofer entered into a written agreement with Wards entitled "Installation Contractor's Agreement." Wards applied for and received the necessary building permit, as the roofer was not licensed as a building contractor in Duluth.

The roofer hired three workers, and they began to remove the old roofing material from the house on April 20, 1980. The old roofing material, consisting of asphalt shingles and cedar shakes, was thrown to the ground and left lying in the space between the houses at 1402, 1404, and 1406 East Fourth Street, a space about three feet wide. On April 22, 1980, while the workers were working on the roof, a fire of undetermined origin started in the roofing debris, which destroyed personal property belonging to the tenants of 1404 and 1406 East Fourth.

The tenants brought an action against Wards, alleging that Wards was liable for their damages either because they negligently hired and supervised the roofer or because the roofer was the agent of Wards and Wards was thus vicariously liable. Wards impleaded the roofer, who is not a party to this appeal. The jury found the roofer 35% negligent, Wards 65% negligent, and found that the roofer was an agent of Wards. Negligence of the tenants was not at issue and was not submitted to the jury.

## ISSUES

I. Was the evidence on causation and negligence sufficient to sustain the verdict?

II. Was the evidence sufficient to sustain the jury's determination that the roofer was an agent of Wards?

III. Did the trial court err reversibly in answering a question asked by the jury during its deliberations?

## ANALYSIS

### I

*Sufficiency of evidence of causation and negligence:* There was no direct evidence adduced at trial as to the actual cause of the fire. Wards alleges that, because of the lack of direct evidence, the jury's finding that Wards and the roofer were negligent was mere speculation and conjecture. However, a party need not prove his theory beyond a reasonable doubt nor demonstrate the impossibility of every other reasonable hypothesis in order to reach the jury. Evidence with respect to the origin of a fire, even though such evidence is circumstantial, presents a jury question. *Trimbo v. Minnesota Valley Natural Gas Co.,* 260 Minn. 386, 110 N.W.2d 168 (1961).

It was uncontradicted in this case that the fire started in the debris which had been torn from the roof and tossed to the ground. One witness (Talbot) stated that he had observed the workers on the roof smoking just before the fire. The written statements of two other witnesses which were admitted into evidence indicated that they, too, had seen the workers smoking on the roof above the debris shortly before the fire started. Larry Bushey, the Duluth fire chief who investigated the fire, found no gas leaks, electrical wires, or other sources of ignition, and concluded that the only logical possibility was that the fire was caused by a cigarette dropped into the debris.

Wards attempted, on cross-examination of Chief Bushey, to elicit testimony that the fire *could* have been caused by any number of causes: passers-by, children playing with matches, even arson. While the Chief agreed that they were all possibilities, he reiterated that he thought the most likely cause was a cigarette dropped by a worker on the roof. Wards' expert, the fire marshall for the City of Roseville, also testified the fire could have started from any number of causes.

The burden is on the plaintiff to establish the origin of the fire, and the proof must be such as to justify an inference of fact, not merely speculation or conjecture. *Rochester Wood Specialties, Inc. v. Rions,* 286 Minn. 503, 176 N.W.2d 548 (1970). However, it is not necessary for the plaintiff to rule out every other possible cause. Where the evidence sustains, *with equal justification,* two or more inconsistent inferences as to the cause, a defendant responsible for only one of such causes cannot be held liable. *E.H. Renner & Sons v. Primus,* 295 Minn. 240, 203 N.W.2d 832 (1973). Here, however, the evidence does not sustain two or more inconsistent inferences with equal justification. The other causes Wards suggested for the fire are mere speculation, and the jury was justified in rejecting them. The evidence was sufficient to sustain the jury's verdict based upon a finding that the debris was ignited by a roofer's cigarette.

Even if it were not, however, Chief Bushey testified that allowing the debris (composed of old, dry cedar shakes and asphalt shingles) to pile up to 6–8″ deep in the three foot wide area between the hous-

es was itself hazardous, and that, had the debris been stored elsewhere, the fire would not have spread so fast and damages would have been minimal. The roofers testified they took no precautions against fire even though it was a hot and windy day. From this evidence, even without evidence that a roofer's cigarette may have caused the fire, the jury could have determined that the roofers' actions were negligent. Even if the roofers' negligence in allowing the debris to pile up was not itself the cause of the fire's ignition,

> The fact that the negligence was not a cause of the fire starting does not preclude a finding that [the] negligence was a proximate cause of the fire spreading and of the fire damage, for which responsibility may ensue.

*Alden Wells Veterinary Clinics v. Wood,* 324 N.W.2d 181, 183 (Minn.1982). Given the deference we are required to accord a jury's verdict, *see, e.g. Northern Petrochemical Co. v. U.S. Fire Insurance Co.,* 277 N.W.2d 408 (Minn.1979), we find that the evidence of causation and negligence was sufficient to support the verdict.

## II

■■■ *Sufficiency of evidence to support a finding of agency:* As a threshold issue, Wards urges us to determine that, as a matter of law, the roofer was an independent contractor and not an agent. However, whether an agency exists is generally a question for the jury unless the evidence is conclusive one way or the other. *Jurek v. Thompson,* 308 Minn. 191, 241 N.W.2d 788 (1976). Given that an identical relationship, between Wards and another roofer, was determined (although in a workers' compensation context) to be one of master and servant in a case decided by the Minnesota Supreme Court, *see Graf v. Montgomery Ward & Co., Inc.,* 234 Minn. 485, 49 N.W.2d 797 (1959) the evidence of agency or non-agency was not conclusive. This issue was properly submitted to the jury.

■■■ The evidence as to the relationship between Wards and the roofer showed that Wards did not rigidly supervise the roofer's work, did not withhold taxes or social security from the roofer's pay, did not provide workers' comp insurance, and did not supply tools or equipment. It did, however, inspect the roofer's work periodically, have the power to insist that the work be done correctly, procure the building permit and list itself as the on-site contractor, and represent to the customer who purchased the new roof that it would do the installation and that it guaranteed the finished product. Since an independent contractor may be an agent of the hirer for purposes of vicarious liability even if he uses his own tools and is not strictly under the physical control or supervision of the hirer as long as there is some element of control and a fiduciary relationship, the evidence was sufficient to sustain the jury's finding that the roofer was an agent of Wards. *Jurek v. Thompson,* 308 Minn. 191, 241 N.W.2d 788 (1976); *Derrick v. Drolson Co.,* 244 Minn. 144, 69 N.W.2d 124 (1955).

## III

*Trial court's answer to the jury's question regarding definitions of "agent" and "independent contractor":* After the jury began its deliberations, both attorneys waived the right to be present for the return of the verdict or for any jury questions, and asked that the court, if necessary, merely reread the instructions. After deliberating several hours, the jury returned with questions, and the court answered:

> I have two questions, the first being: "We'd like to hear again the definitions of agent and independent contractor." I will read that to you.
> Agency is the relationship that exists between two parties, a principal and an agent, whereby both parties consent to the agent acting on the principal's behalf but subject to the principal's control. A principal is one who obtains an agent to perform services from him, and who has the right to control the physical conduct of the agent in the performance of his services. An agent is one obtained by a principal who performs services for him

and whose physical conduct in the performance of the services is subject to the right of control by the principal. An independent contractor is one who agrees to perform a service for a principal but whose physical conduct in the performance of the service is not subject to the right of control by the principal.

Okay. The second question you ask, "If some of the conditions of the contract are violated, is the contract void?" I guess I'll have to say to you that the only contract that is void would be an illegal contract. Because some of the contract, some of the conditions of a contract are violated, this may be a breach but it doesn't necessarily void the contract. A contract that is good in the beginning is always good regardless what happens.

. . . .

Are there any other questions at this time?

THE FOREMAN: Concerning the difference between agent and contractor, we were interested in the payment of Social Security and withholding of taxes. Is that part of the definition at all?

THE COURT: No.

Wards argues that the last answer the court gave was erroneous, and, since it may have misled the jury, warrants a new trial.

■ It is reversible error for a judge to give inconsistent and contradictory instructions on a material issue. However, the instructions must be viewed as a whole before determining whether they were misleading or confusing to the jury. *Malik v. Johnson,* 300 Minn. 252, 219 N.W.2d 631 (1974).

■ The judge's answer was literally correct. In originally instructing the jury, the court defined "agent" and "independent contractor" exactly as above. In addition, however, the court listed factors which *could* be taken into account in determining whether the relation was one of agency or independent contractor. Thus, if the jury had asked whether the payment of Social Security and withholding of taxes

was a *factor* to consider, the literal answer would have to be "yes." But that was not the question. Ideally, after the question about the payment of Social Security and withholding of taxes, the court should have reread both the instruction on definitions and the instruction on factors to be considered. However, we do not find that the answer he gave was reversible error, since the instructions, when read as a whole, were not unduly confusing or misleading.

## DECISION

Evidence was sufficient to sustain the jury's verdict on the issues of negligence and causation and on the issue of agency. Whether the roofer was an agent or an independent contractor was a jury question.

While the trial court might have answered the jury's question about social security and withholding in more detail, it was insignificant since the jury instructions, when viewed as a whole, were adequate.

Affirmed.