Dennis SAUER, By and Through Kathleen A. HALL, his Guardian Ad Litem, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

No. C4–85–425.

Court of Appeals of Minnesota.

Dec. 24, 1985.

Review Denied Feb. 19, 1986.

Frederick L. Grunke, St. Cloud, for appellant.

Michael J. Ford, St. Cloud, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

CRIPPEN, Judge.

Appellant was seriously injured in an accident involving two motorcycles. He collected up to the limits of coverage from the other motorcyclist's insurance company and sought here to collect underinsured motorist funds from his own insurer. He appeals from the trial court's decision to grant respondent's motion for a directed verdict. The court granted the motion after it found that there was no question for the jury to consider and no proof of the direct cause of the accident. We affirm.

## FACTS

On August 24, 1980, appellant was one of a group of motorcycle enthusiasts that had gathered at a farm near Pierz, Minnesota. The group of youths was working on motorcycles in a garage on the farm. Appellant drove his motorcycle away from the garage down a gravel driveway in a westerly direction. When he got to the end of the driveway, he executed a U-turn and headed back to the garage.

Michael Otremba was also a part of the group working on motorcycles. He followed appellant down the driveway shortly after appellant left. After appellant had executed the U-turn at the end of the driveway, and while he was traveling back towards the garage, he collided with Otremba in the middle of the driveway. No one witnessed the actual collision, although one youth claims he saw the two motorcycles heading directly towards one another shortly before the collision. Neither of the two involved in the accident remember the collision because of retrograde amnesia.

Appellant recovered payment from Otremba's insurance carrier up to the coverage limits. He then commenced this action against his own insurance carrier seeking underinsured motorist benefits under several policies issued to members of his household. At the end of the trial, the trial court granted respondent's motion for a directed verdict, stating that there was insufficient evidence that Otremba was negligent.

## ISSUES

1. Was there sufficient evidence of Otremba's negligence such that a directed verdict was inappropriate?

2. Did the trial court properly sustain respondent's objection when appellant attempted to question a witness about a signed statement the witness gave to the respondent prior to trial?

## ANALYSIS

1. A motion for a directed verdict will be granted only in those unequivocal cases where the evidence compels one result. *Hanrahan v. Safway Steel Scaffold Co.*, 233 Minn. 171, 176–77, 46 N.W.2d 243, 247 (1951). If different minds might reasonably reach different conclusions from the evidence presented, then the question is one for the jury to decide. *Id.*

It is clear in this case that appellant and Michael Otremba collided with each other while each was approaching the other riding a motorcycle. What is not clear is whether the collision was caused by anyone's negligence. The trial court decided that a directed verdict was in order because there was only speculative evidence of the cause of the accident and because of the appellant's inability to establish how the accident occurred. From that the court

concluded that there was insufficient evidence to put to the jury the question of whether Otremba was negligent.

 Where the evidence shows that a purported theory of causation is no more plausible than another theory, the appellant has not established a prima facie case, and a directed verdict is proper. *Zinnel v. Berghuis Const. Co.*, 274 N.W.2d 495, 499 (Minn.1979). Although a prima facie case may be established by circumstantial evidence, it cannot be founded upon speculation and conjecture about causation. *Elias v. City of St. Paul*, 350 N.W.2d 442, 444 (Minn.Ct.App.1984). The appellant's case here is based upon speculation and conjecture. That appellant's negligence alone caused his injuries is equally as plausible as the appellant's charge that Otremba was at fault. In the circumstances here it is even plausible to speculate that appellant's injury was caused by his deliberate misconduct. Therefore, the appellant did not establish a prima facie case, and the trial court properly rendered a directed verdict against appellant.

 2. In April 1984, one of the youths who observed the Sauer and Otremba motorcycles just before they collided submitted to respondent a signed statement that said he believed the accident occurred "a little more to the south than in the middle" of the road. At trial, the youth claimed he did not know where the accident occurred. When appellant attempted to examine the youth about the signed statement, respondent objected, and the trial court sustained the objection. Appellant argues that the objection should have been overruled.

We conclude that even if the objection should have been overruled, the trial court's failure to do so had no significant effect. If the witness had been allowed to testify about the signed statement, this alone would not have established that Otremba's conduct caused the accident. As such, a directed verdict would still have been proper.

## DECISION

The appellant's claim that Larry Otremba's negligence caused plaintiff's injuries was based upon conjecture and speculation. Thus, he did not establish a prima facie case. The result is not affected by the decision of the trial court to sustain respondent's objection to appellant's questioning of a witness.

Affirmed.