*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1980**

David Charles Widmer, et al.,
Appellants,

vs.

Dallas Jacob Albertson,
Respondent.

**Filed June 29, 2015
Affirmed
Larkin, Judge**

Mille Lacs County District Court
File No. 48-CV-12-89

Clair E. Schaff, Curott & Associates, LLC, Milaca, Minnesota (for appellants)

Matthew W. Moehrle, Troy A. Poetz, Rajkowski Hansmeier, Ltd., St. Cloud, Minnesota
(for respondent)

Considered and decided by Schellhas, Presiding Judge; Larkin, Judge; and Reyes,

Judge.

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

Appellant challenges the district court's grant of judgment as a matter of law

(JMOL) for respondent, arguing that the district court should have allowed the jury to

decide whether respondent negligently caused a collision between respondent's truck and appellant's snowmobile. Because the evidence as a whole equally sustains inconsistent inferences regarding whether respondent or appellant caused the accident, a verdict necessarily would have been based on impermissible speculation and conjecture. We therefore affirm JMOL. We also decline respondent's request, by notice of related appeal, to direct the district court administrator to clarify the judgment.

## FACTS

Appellant David Charles Widmer sued respondent Dallas Jacob Albertson in January 2012, alleging that Albertson negligently caused an accident between Albertson's truck and Widmer's snowmobile. The case was tried to a jury in July 2014.

Widmer testified that, in December 2010, he was riding his snowmobile from his house to a mechanic's property in Milaca. He was traveling westbound in the ditch along the right side of County Road 2. The mechanic's property was on the left side of County Road 2, and brush in front of Widmer prevented him from making a left-hand turn toward the mechanic's driveway. To avoid the brush, Widmer came out of the ditch and drove "on the edge of the shoulder," about six to eight feet from the "lane of travel." Widmer planned to turn right, away from the road and into a hay field, so he could turn around and cross the road at a 90-degree angle.

Widmer testified that the next thing he remembers is lying in the road and looking up at someone who was looking down at him. Widmer was about 40 feet away from "the location of [his] last memory." He testified that he was in the middle of a lane of County Road 2 and that his snowmobile was "[r]ight on the edge of the white line." He got up

2

and searched for his helmet and boot, which had been "tor[n] off." He started his snowmobile and drove it across the road to the mechanic's garage. When he arrived, he told the mechanic that he "got hit by a truck." Widmer testified that the truck left about five or ten minutes after he woke up in the road. He stated that he did not remember getting hit or whether he got hit from the back or the side. There is no dispute that Albertson was driving the truck.

Widmer testified that the collision damaged the "left[-]rear of the snowmobile." He submitted a photo of the snowmobile, which showed the taillight pushed into the seat, a tear in the seat on the left-back side, and a bent bumper. Widmer called Robert Gleason as a witness, and Gleason testified that he inspected Widmer's snowmobile in the summer of 2013, about two and a half years after the accident. Gleason stated that he noticed that "the bumper was caved in, [the] rear taillight was cracked, [the] seat was ripped, [and there was] a little bit of bending in the snow flap area." He said that the damage was "more towards the left[-]rear" of the snowmobile.

After Widmer rested his case, Albertson moved for JMOL. The district court orally granted the motion, explained its ruling on the record, and issued an order memorializing the ruling the next day.

Widmer appeals.

## DECISION

### I.

Widmer contends that the district court erred by granting Albertson's motion for JMOL. Whether the district court erred by granting JMOL is a question of law that we

3

review de novo. *Longbehn v. Schoenrock*, 727 N.W.2d 153, 159 (Minn. App. 2007). For that reason, many of Widmer's appellate arguments are unavailing. For example, Widmer argues that the district court inappropriately weighed evidence, inappropriately assessed witness credibility, and erroneously reasoned that there had to be expert testimony regarding the cause of the accident. Those arguments do not provide a basis to reverse because, under the de novo standard of review, we independently determine whether JMOL should have been granted, without evaluating the district court's reasoning. *See Modrow v. JP Foodservice, Inc.*, 656 N.W.2d 389, 393 (Minn. 2003) ("No deference is given to [the district] court on questions of law.").

Minnesota Rule of Civil Procedure 50.01(a) provides the standard for granting JMOL:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may decide the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim . . . that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Minn. R. Civ. P. 50.01(a); *see* Minn. R. Civ. P. 50 2006 comm. cmt. (recognizing that change of terminology from judgment notwithstanding the verdict and directed verdict did not change substantive law relating to such proceedings). Caselaw provides that a district court should grant JMOL only in an "unequivocal case" where "(1) in the light of the evidence as a whole, it would clearly be the duty of the trial court to set aside a contrary verdict as being manifestly against the entire evidence, or where (2) it would be

4

contrary to the law applicable to the case." *Jerry's Enters., Inc. v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 711 N.W.2d 811, 816 (Minn. 2006). Appellate courts reviewing a grant of JMOL must view the evidence in a light most favorable to the nonmoving party. *Id.*

Widmer sued Albertson for negligence. Widmer therefore had to prove "(1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) that the breach of the duty of care was a proximate cause of the injury." *Domagala v. Rolland*, 805 N.W.2d 14, 22 (Minn. 2011). The primary issue in this case is whether Widmer proved that Albertson caused the accident.

The Minnesota Supreme Court "has repeatedly held that verdicts cannot be based upon mere speculation or conjecture." *E. H. Renner & Sons, Inc. v. Primus*, 295 Minn. 240, 243, 203 N.W.2d 832, 834 (1973). "Proof of a causal connection must be something more than merely consistent with the [plaintiff's] theory of the case." *Id.* at 243, 203 N.W.2d at 835. "[M]ere proof of the happening of the accident or proof that death or injury was the result of the act of another, without proof of negligence or its causal relation to the result complained of, is not sufficient." *Hagsten v. Simberg*, 232 Minn. 160, 164, 44 N.W.2d 611, 613 (1950).

> Where the entire evidence sustains, with equal justification, two or more inconsistent inferences so that one inference does not reasonably preponderate over the others, the [plaintiff] has not sustained the burden of proof on the proposition which alone would entitle him to recover. It becomes the duty of the trial court to direct a verdict because failing to do so would cause any verdict to the contrary to be based on pure speculation and conjecture.

*E. H. Renner & Sons, Inc.*, 295 Minn. at 243-44, 203 N.W.2d at 835. "If the facts furnish no sufficient basis for inferring which of several possible causes produced the injury, a party who is responsible for only one of such possible causes cannot be held liable." *Id.* at 244, 203 N.W.2d at 835; *see also Schweich v. Ziegler, Inc.*, 463 N.W.2d 722, 729 (Minn. 1990) ("Where the evidence is such that a trier of fact can do no more than guess . . . as to which of several acts was in fact the efficient cause, the plaintiff has failed to prove that the defendant's breach caused the injury.").

This court has often upheld directed verdicts based on the reasoning above. *See, e.g.*, *Smith v. Runk*, 425 N.W.2d 299, 301 (Minn. App. 1988) (affirming directed verdict in negligence case because "[t]o allow the jury to apportion fault . . . would require speculation on their part as to the cause of the accident"); *Sauer ex rel. Hall v. State Farm Mut. Auto. Ins. Co.*, 379 N.W.2d 213, 215 (Minn. App. 1985) (affirming directed verdict because plaintiff's case was "based upon speculation and conjecture" and because the possibility "[t]hat [plaintiff's] negligence alone caused his injuries [was] equally as plausible as the [plaintiff's] charge that [defendant] was at fault"), *review denied* (Minn. Feb. 18, 1986); *Elias v. City of St. Paul*, 350 N.W.2d 442, 444 (Minn. App. 1984) (affirming directed verdict because plaintiff's "theory of causation [was] no more supported by evidence than speculative theories which would relieve defendant from liability"), *review denied* (Minn. Oct. 1, 1984).

Widmer contends that "a reasonable jury could have inferred from the evidence that [Albertson's] pickup truck negligently rear-ended [Widmer's] snowmobile." The Minnesota Supreme Court has stated that "a rear-end collision may suggest negligence."

6

*Fontilla v. Boyes*, 256 N.W.2d 248, 249 (Minn. 1977). But in this case, a rear-end collision is not the only inference supported by the evidence. The jury also could have reasonably inferred that Widmer turned left in front of Albertson, causing Albertson's truck to collide with the side of Widmer's snowmobile.

Widmer testified that he has no memory of the collision and that he does not know whether the truck hit his snowmobile from the back or the side. Widmer's last memory before the crash was traveling on the right shoulder of the road, near the lane of travel. Widmer's destination—the mechanic's garage—was on the left side of the road, and Widmer landed in the middle of the road. Widmer and Gleason testified that the left-rear of the snowmobile was damaged. Thus, there are at least two reasonable inferences that the jury could have made based on the trial evidence: (1) Albertson's truck rear-ended Widmer's snowmobile, or (2) Albertson's truck hit the left side of Widmer's snowmobile after Widmer turned left in front of Albertson. Both inferences would have required the jury to speculate regarding how the accident occurred and who was at fault.

Widmer insists that the jury should have been allowed to decide which "competing inference" was proved by the evidence. But there was not an adequate evidentiary basis for the jury to accept the rear-end-collision inference instead of the side-impact inference. *See Lenz v. Johnson*, 265 Minn. 421, 424, 122 N.W.2d 96, 99 (1963) ("[T]he mere occasion of injury does not in itself support an inference of negligence."). The evidence equally supported both inferences. Gleason did not testify about the circumstances of the accident, and Widmer testified that he does not remember how the accident occurred. A

7

verdict in Widmer's favor could not have been reached without engaging in impermissible speculation and conjecture.

Widmer cites *Schmidt v. Beninga*, 285 Minn. 477, 173 N.W.2d 401 (1970), as support for his position that the case should have been decided by a jury. He notes the supreme court's explanation regarding the standard for granting a directed verdict.

> Ordinarily, it is only where there is an entire absence of evidence tending to establish negligence that a court can enter upon the province of the jury and direct a verdict for the defendant. Where *reasonable* men may differ as to what constitutes ordinary care and proximate causal connection upon the evidence presented, questions of negligence and proximate cause, as well as contributory negligence, are questions of fact for the jury; and it is only in the clearest of cases where the facts are undisputed and it is plain that all *reasonable* men can draw only one conclusion that the question of negligence becomes one of law.

*Schmidt*, 285 Minn. at 485-86, 173 N.W.2d at 406 (quotation and citations omitted) (emphasis added).

The supreme court's explanation of the standard for granting a directed verdict in *Schmidt* is consistent with its articulation of the standard in *Renner*. *Schmidt* refers to a decision by a "reasonable" decision-maker, emphasizing reasonable decision-making. *Id.* *Renner* prohibits verdicts based on speculation and conjecture. 295 Minn. at 243-44, 203 N.W.2d at 835. A reasoned decision is not based on speculation or conjecture. *See In re Noser's Estate*, 183 Minn. 465, 467, 237 N.W. 22, 23 (1931) (concluding that to survive a motion for directed verdict, "[t]here must be ground for reasonable inference rather than mere conjecture"); *Krell v. Robinson*, 173 Minn. 483, 485, 217 N.W. 596, 597 (1928) (distinguishing between "mere conjecture" and "reasonable inference"). In *Schmidt*, the

evidence supported competing inferences based on reasoned decision-making, as opposed to speculation. *See* 285 Minn. at 489-90, 173 N.W.2d at 408 (noting that the evidence showed that the defendant failed to follow a customary procedure, which, if followed, would have prevented the accident at issue). Those are not the circumstances here.

Widmer also emphasizes the fact that both he and Albertson "were available to testify at trial" and argues that, had the district court not granted JMOL, Albertson would have testified about the accident and the jury would not "have had to deliberate using speculation and conjecture." He states that Albertson "could have been cross-examined concerning how the collision occurred, the circumstances prior to the collision and his surveillance (or lack thereof) or 'lookout' as related to the snowmobile." But it was Widmer's burden as the plaintiff to prove causation, and he did not call Albertson as a witness. As the defendant, Albertson was not required to present any evidence, let alone testify regarding how the collision occurred (unless Widmer called him as a witness). *See Rowe v. Munye*, 674 N.W.2d 761, 768 (Minn. App. 2004) ("The plaintiff in a negligence action bears the burden of proving the link between the defendant's action and the injuries suffered.").

In sum, we have reviewed the evidence in the light most favorable to Widmer, without assessing witness credibility, and without weighing the absence of expert testimony against Widmer. Because the evidence as a whole equally sustains inconsistent inferences regarding whether Albertson or Widmer caused the accident, such that one inference does not reasonably preponderate over the other, a negligence verdict

in Widmer's favor necessarily would have been based on impermissible speculation and conjecture. We therefore affirm the district court's grant of JMOL for Albertson.

## II.

By notice of related appeal, Albertson contends that "the district court administrator erred by failing to enter judgment specifying that all claims against [Albertson] were dismissed and that such dismissal was 'with prejudice.'" Albertson did not raise that issue in the district court, and he does not offer legal support for his contention that the district court erred by failing to specify whether the dismissal was with prejudice. Arguably, the issue is not properly before this court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1998) (stating that a reviewing court generally considers only issues presented to and decided by the district court); *State v. Ouellette*, 740 N.W.2d 355, 361 (Minn. App. 2007) ("Assignment of error based on mere assertion and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection." (Quotation omitted.)).

We nonetheless note that Albertson's request is reasonable. A dismissal is "with prejudice" when it constitutes an adjudication on the merits. *See Unbank Co., LLP v. Merwin Drug Co.*, 677 N.W.2d 105, 109 (Minn. App. 2004) (concluding that dismissal should not have been designated "with prejudice" because it "did not constitute an adjudication on the merits"). JMOL is a decision on the merits. *See Bernstein v. Levitz*, 223 Minn. 46, 46, 25 N.W.2d 289, 289 (1946) ("When plaintiff rests without proving a cause of action and defendant then rests to make a motion for a directed verdict, the granting of such motion by the court constitutes a decision on the merits."). Therefore,

10

the district court's grant of JMOL constitutes an adjudication on the merits, and the district court could have properly designated the dismissal as "with prejudice."

However, Albertson asks this court to "instruct the trial court *administrator* to enter judgment which clarifies that (1) all claims against Albertson are dismissed and (2) such dismissal is 'with prejudice.'" (Emphasis added.) We decline to do so for two reasons. First, the district court administrator's responsibilities regarding entry of judgment are set forth under Minn. R. Civ. P. 58. The rule does not authorize the court administrator to make the designations that Albertson requests. Second, we are not aware of any circumstance that prevents Albertson from requesting an amended order and judgment from the district court. *See* Minn. R. Civ. P. 60.01 (allowing parties to move the district court to correct errors in judgments arising from oversight or omission).

**Affirmed.**